Filed 6/1/22  P. v. Watson CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. KENNETH EARL WATSON, Defendant and Appellant. | B314528 (Los Angeles County Super. Ct. No. BA015290) |

THE COURT:*

Defendant and appellant Kenneth Earl Watson appeals from the order denying his petition for vacatur and resentencing under Penal Code section 1170.95.[1]

In 1991, defendant was convicted of the first degree felony murder of Cledoaldo Clarecy Souza, attempted second degree robbery, and conspiracy to commit robbery. The jury found true the felony-murder special circumstance alleged pursuant to former section 190.2, subdivision (a)(17). The jury was unable to

---

[1]    All further statutory references are to the Penal Code, unless otherwise indicated.

reach a decision as to the allegation that defendant personally used a firearm.

Defendant was sentenced to life in prison without parole under former section 190.2, subdivision (a), plus a consecutive five years for the conspiracy. This court affirmed the judgment in *People v. Watson* (Oct. 30, 1992, B060665) (nonpub. opn.) (*Watson I*). That opinion summarizes the evidence presented at trial, which showed that defendant and his coconspirator, William Leon Franklin, entered into an agreement to rob drug users or Mexican-Americans. When Souza, who appeared to them to be of Mexican descent, drove by defendant's residence in his truck, defendant picked up a shotgun, and he and Franklin ran after the truck. The two stood in front of the truck and defendant fired the shotgun, striking Souza in the head and causing his death. (*Watson I*, *supra*, B060665.) In a later police interview, defendant admitted the conspiracy but claimed it was Franklin who had fired the shotgun. (*Ibid*.)

In April 2020, defendant filed a petition for vacatur and resentencing under section 1170.95, alleging he had been convicted of felony murder, was not the actual killer, did not aid and abet the actual killer with the intent to kill, was not a major participant who acted with reckless indifference to life in committing the attempted robbery, and could not now be convicted of murder due to the changes to section 189, effective January 1, 2019.

The trial court appointed counsel and entertained briefing from both sides. A petition for review hearing was scheduled for June 10, 2021. The court did not expressly rule that defendant had made a prima facie showing of eligibility, issue an order to show cause, or schedule an evidentiary hearing as provided by section 1170.95, subdivisions (c) and (d)(1). This caused some

confusion on June 10, 2021, when the trial court invited argument after giving a tentative ruling on the petition, stating that it found the evidence sufficient to find defendant guilty of murder under existing law as an aider and abettor with intent to kill.

After hearing argument of counsel the court revised its tentative ruling, noting that the prosecutor had met his burden to prove beyond a reasonable doubt that defendant was guilty of murder under existing law as an aider and abettor with the specific intent to kill. The court stated that it had reviewed the appellate opinion and the instructions given to the jury and heard further argument. The prosecutor pointed out that the jury had found the special circumstance true after being instructed that if it found defendant guilty as an aider and abettor, it was required to find an intent to kill in order to find the special circumstance allegation true.[2] The trial court adopted the revised tentative ruling.

Defendant filed a timely notice of appeal from the court's order. His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, raising no issues and asking this court to conduct an independent review of the record for arguable

---

[2]     In *Watson I*, *supra*, B060665, we noted that the jury was given a modified former CALJIC No. 8.80.1 instruction, in relevant part as follows: "'If you find that a defendant was not the actual killer of a human being, but decide beyond a reasonable doubt the defendant was an aider and abettor or co-conspirator you still cannot find the special circumstance to be true unless he had an intent to kill.'" Because of this instruction, the jury necessarily found that defendant harbored and intent to kill and its true finding made defendant ineligible for relief under section 1170.95 as a matter of law. (See *People v. Farfan* (2021) 71 Cal.App.5th 942, 954.)

issues.  Where appointed counsel finds no arguable issues in an appeal seeking postjudgment relief, the appellate court is not required to conduct such an independent review of the record. (*People v. Serrano* (2012) 211 Cal.App.4th 496, 503.)  However if the defendant files his own supplemental brief or letter we review the contentions or arguments set forth therein.  If defendant does not file a supplemental brief, the appeal will be dismissed as abandoned.  (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039-1040, review granted Oct. 14, 2020, S264278.)  Defendant was notified of the court's policy and failed to file a supplemental brief.

Although we have concluded, consistent with *People v. Cole*, that dismissal is appropriate without more, we are mindful that our Supreme Court is currently deciding whether such a dismissal is appropriate or whether a further, independent examination of the record is instead required. (See *People v. Delgadillo* (Nov. 18, 2020, B304441) [nonpub. opn.], review granted Feb. 17, 2021, S266305.)  In an abundance of caution, we have independently examined the entire record and are satisfied that defendant's appellate counsel has fully complied with his responsibilities and that no arguable issues exist.  (See *People v. Wende*, *supra*, 25 Cal.3d at pp. 441-443.)

## DISPOSITION

The appeal is dismissed.

---

* ASHMANN-GERST, Acting P. J.  CHAVEZ, J.  HOFFSTADT, J.

4